CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

| | |
|---|---|
| AGUSTIN GONZALEZ, GERSAIN MUNIZ-VIDALS, HUMBERTO MONTOYA, REYES CECILIO, and MARIO IXEHUATL-AHUATL, on behalf of themselves and others similarly situated, | Case No. 16-CV-2544 |
| Plaintiffs, | **FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT** |
| -against- | |
| CROSSTOWN DINER CORP. d/b/a PALACE RESTAURANT, 57 STREET RESTAURANT CORP. d/b/a PALACE RESTAURANT, PETRAKIS LOUKA, LOUKIS LOUKA, MARIOS GEORGIOU, GEORGE STYLIANOU, ANTONIOS KONTOGIANNIS, and GEORGE KONTOGIANNIS, | **Jury Trial Demanded** |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiffs AGUSTIN GONZALEZ, GERSAIN MUNIZ-VIDALS, HUMBERTO

MONTOYA, REYES CECILIO, and MARIO IXEHUATL-AHUATL (collectively,

"Plaintiffs"), on behalf of themselves and other similarly situated employees, by and

through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against

defendants CROSSTOWN DINER CORP. d/b/a PALACE RESTAURANT

("CROSSTOWN DINER"), 57 STREET RESTAURANT CORP. d/b/a PALACE

RESTAURANT ("57 STREET RESTAURANT") (collectively, the "Corporate

Defendants"), PETRAKIS LOUKA, LOUKIS LOUKA, MARIOS GEORGIOU,

GEORGE    STYLIANOU,    ANTONIOS    KONTOGIANNIS,    and    GEORGE
KONTOGIANNIS (collectively, the "Individual Defendants") (the Corporate Defendants
and Individual Defendants are collectively referred to as the "Defendants"), and state as
follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as
amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the
Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)
liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees
and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they
are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid
overtime compensation, (c) unpaid "spread of hours" premium for each day they worked
a shift in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to
the New York Labor Law and the New York State Wage Theft Prevention Act, (e)
prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C.
§216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over
Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391
because the conduct making up the basis of the complaint took place in this judicial
district.

## PARTIES

5.     Plaintiff, AGUSTIN GONZALEZ, is a resident of New York County, New York.

6.     Plaintiff, GERSAIN MUNIZ-VIDALS, is a resident of Kings County, New York.

7.     Plaintiffs, HUMBERTO MONTOYA and REYES CECILIO, are each residents of Bronx County, New York.

8.     Plaintiff, MARIO IXEHUATL-AHUATL, is a resident of Queens County, New York.

9.     Defendant CROSSTOWN DINER is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 122 East 57th Street, New York, New York 10022.

10.     Defendant 57 STREET RESTAURANT is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 122 East 57th Street, New York, New York 10022.

11.     Defendants, PETRAKIS LOUKA, LOUKIS LOUKA, MARIOS GEORGIOU, and GEORGE STYLIANOU, are owners, shareholders, officers, directors, supervisors, managing agents, and/or proprietors of CROSSTOWN DINER who actively participate in the day-to-day operations of CROSSTOWN DINER and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with CROSSTOWN DINER.

12.     Defendants,   ANTONIOS   KONTOGIANNIS   and   GEORGE KONTOGIANNIS, are owners, shareholders, officers, directors, supervisors, managing agents, and/or proprietors of 57 STREET RESTAURANT who actively participated in the day-to-day operations of 57 STREET RESTAURANT and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with 57 STREET RESTAURANT.

13.     Upon information and belief, defendants ANTONIOS KONTOGIANNIS and GEORGE KONTOGIANNIS sold the establishment, known as Palace Restaurant, to defendants PETRAKIS LOUKA, LOUKIS LOUKA, MARIOS GEORGIOU, and/or GEORGE STYLIANOU in or about December 2013.

14.     Upon information and belief, despite the sale of the restaurant, defendant 57 STREET RESTAURANT CORP. remains an active corporation.

15.     Whether formerly incorporated as 57 Street Restaurant Corp., or under its current corporate name of Crosstown Diner Corp., the business located at 122 East 57th Street has always operated and done business as "Palace Restaurant."

16.     The Individual Defendants each exercised control over the terms and conditions of Plaintiffs' employment during their respective periods of ownership of Palace Restaurant in that they have or had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) otherwise affect the quality of the employees' employment.

4

17.     During their respective periods of ownership of Palace Restaurant, each of the Individual Defendants were/are present on the premises of Palace Restaurant on a daily basis, actively supervise(d) the work of the employees, and mandate(d) that all issues concerning the employees' employment – including hours worked and pay received – be authorized or approved by them.

18.     Upon information and belief, at least within each of the most recent three (3) years relevant to the allegations in this Complaint, the Corporate Defendants were "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) had and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had and have had an annual gross volume of sales of not less than $500,000.

19.     Defendants employed Plaintiffs in New York County, New York to work as non-exempt waiters, cooks, porters/cleaners, kitchen helpers/food preparers, dishwashers, and maintenance workers for Palace Restaurant.

20.     The work performed by Plaintiffs was directly essential to the businesses operated by Defendants.

21.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

22.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

23.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

24.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

### STATEMENT OF FACTS

25.     During their respective periods of ownership, each of the Individual Defendants actively participated in the day-to-day operation of Palace Restaurant, which includes but is not limited to, supervising and directing the work of the employees, instructing the employees how to perform their jobs, and correcting and/or reprimanding the employees for any errors made.

26.     During their respective periods of ownership, each of the Individual Defendants created and approved all crucial business policies.  This includes decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, the method and manner by which the employees are to be paid, and whether the employees are entitled to a pay raise and, if so, the amount of the increase.

27.     Defendant CROSSTOWN DINER is the successor to defendant 57 STREET RESTAURANT.

28.     As successor, defendant CROSSTOWN DINER acquired substantial assets of defendant 57 STREET RESTAURANT, and has continued, without interruption or substantial change, the business operations of the predecessor.

29.     To the extent defendant CROSSTOWN DINER is the successor to defendant 57 STREET RESTAURANT, it is liable for the debts and liabilities of its predecessor.

30.     In or about February 2014, defendant CROSSTOWN DINER hired Plaintiff AGUSTIN GONZALEZ to work as a non-exempt waiter for Palace Restaurant, located at 122 East 57th Street, New York, New York.

31.     Plaintiff continuously worked for the defendant CROSSTOWN DINER in such capacity until on or about February 29, 2016.

32.     During the course of Plaintiff's employment, he worked over forty (40) hours per week.

33.     From the beginning of his employment and continuing through approximately December 2014, Plaintiff worked five (5) days per week, and his work schedule consisted of ten (10) hours per day from 12:00 p.m. until 10:00 p.m.

34.     Plaintiff would occasionally work in excess of ten (10) hours.

35.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $3 per hour straight time for all hours worked, and worked fifty (50) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

36.     Beginning in or about January 2015 and continuing through approximately December 7, 2015, Plaintiff worked five (5) days per week, and his work schedule consisted of ten (10) hours per day from 12:00 p.m. until 10:00 p.m.

37.     Plaintiff would occasionally work in excess of ten (10) hours.

38.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid at the rate of $3.50 per hour straight time for all hours worked, and worked fifty (50) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     Beginning on or about December 8, 2015 and continuing through the remainder of his employment on or about February 29, 2016, Plaintiff worked four (4) days per week, and his work schedule consisted of ten (10) hours per day from 12:00 p.m. until 10:00 p.m.

40.     Plaintiff would occasionally work in excess of ten (10) hours.

41.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid at the rate of $3.50 per hour straight time for all hours worked, and worked forty (40) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42.     In or about April 2010, defendant 57 STREET RESTAURANT hired Plaintiff GERSAIN MUNIZ-VIDALS to work as a non-exempt cook for Palace Restaurant, located at 122 East 57th Street, New York, New York.

43.     Plaintiff, GERSAIN MUNIZ-VIDALS, also worked for defendant CROSSTOWN DINER, after its purchase/succession of the restaurant from defendant 57 STREET RESTAURANT.

44.     Plaintiff continuously worked for the Defendants in such capacity until in or about April 2015.

8

45.     During the course of Plaintiff's employment, he worked over forty (40) hours per week.

46.     Throughout the entirety of his employment, Plaintiff worked five (5) days per week, and his work schedule consisted of ten (10) hours per day from 10:00 a.m. until 8:00 p.m.

47.     Plaintiff would occasionally work in excess of ten (10) hours.

48.     Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation. Throughout the entirety of his employment, Plaintiff was paid at the rate of $700 per week straight time for all hours worked, and worked fifty (50) hours per week, and sometimes in excess thereof (for a regular rate of pay of $14 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

49.     In or about 2008, defendant 57 STREET RESTAURANT hired Plaintiff HUMBERTO MONTOYA to work as a non-exempt porter/cleaner for Palace Restaurant, located at 122 East 57th Street, New York, New York.

50.     Plaintiff, HUMBERTO MONTOYA, also worked for defendant CROSSTOWN DINER, after its purchase/succession of the restaurant from defendant 57 STREET RESTAURANT.

51.     Plaintiff continuously worked for the Defendants in such capacity until in or about November 2014.

52.     During the course of Plaintiff's employment, he worked over forty (40) hours per week.

9

53.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of ten (10) hours per day from 12:30 p.m. until 10:30 p.m.

54.     Plaintiff would occasionally work in excess of ten (10) hours.

55.     Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages and overtime compensation.     Throughout the entirety of his employment, Plaintiff was paid at the rate of $350 per week straight time for all hours worked, and worked sixty (60) hours per week, and sometimes in excess thereof (for a regular rate of pay of $5.83 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

56.     Plaintiff, HUMBERTO MONTOYA, previously filed and settled a claim for unpaid wages against defendant 57 STREET RESTAURANT with the New York State Department of Labor.

57.     Thus, Plaintiff HUMBERTO MONTOYA only asserts a claim for his unpaid wages between the time that defendant CROSSTOWN DINER purchased/succeeded to the restaurant in or about December 2013 through the remainder of his employment in or about November 2014.

58.     In or about 2001, defendant 57 STREET RESTAURANT hired Plaintiff REYES CECILIO to work as a non-exempt kitchen helper/food preparer for Palace Restaurant, located at 122 East 57th Street, New York, New York.

59.     Plaintiff, REYES CECILIO, also worked for defendant CROSSTOWN DINER, after its purchase/succession of the restaurant from defendant 57 STREET RESTAURANT.

60.     Plaintiff continues to work for defendant CROSSTOWN DINER in such capacity through the present time.

61.     During the course of Plaintiff's employment, he has worked over forty (40) hours per week.

62.     Throughout the entirety of his employment, Plaintiff has worked six (6) days per week, and his work schedule has consists of nine and one-half (9½) hours per day from 6:00 a.m. until 3:30 p.m., and sometimes in excess thereof.

63.     During the relevant six (6) year limitations period beginning in April 2010 and continuing through in or about February 2015, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $580 per week straight time for all hours worked, and worked fifty-seven (57) hours per week, and sometimes in excess thereof (for a regular rate of pay of 10.18 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

64.     Beginning in or about March 2015 and continuing through the present time, Plaintiff is paid at the rate of $590 per week straight time for all hours worked, and works fifty-seven (57) hours per week, and sometimes in excess thereof (for a regular rate of pay of $10.35 per hour). Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

65.     In or about March 2006, defendant 57 STREET RESTAURANT hired Plaintiff MARIO IXEHUATL-AHUATL to work as a non-exempt dishwasher, porter/cleaner, and maintenance worker for Palace Restaurant, located at 122 East 57th Street, New York, New York.

66.     Plaintiff, MARIO IXEHUATL-AHUATLCILIO, also worked for defendant CROSSTOWN DINER, after its purchase/succession of the restaurant from defendant 57 STREET RESTAURANT.

67.     Plaintiff continuously worked for defendant CROSSTOWN DINER in such capacity until on or about March 23, 2016.

68.     During the course of Plaintiff's employment, he worked over forty (40) hours per week.

69.     During the relevant six (6) year limitations period beginning in April 2010 and continuing through on or about December 7, 2015, Plaintiff worked six (6) days per week, and his work schedule consisted of ten and one-half (10½) hours per day from 12:30 p.m. until 11:00 p.m., and sometimes in excess thereof.

70.     During this period, Plaintiff was not paid proper minimum wages and/or overtime compensation.  During this period, Plaintiff was paid at the rate of $460 per week straight time for all hours worked, and worked sixty-three (63) hours per week, and sometimes in excess thereof (for a regular rate of pay of 7.30 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

71.     Beginning on or about December 8, 2015 and continuing through on or about January 15, 2016, Plaintiff worked five (5) days per week, and his work schedule

has consisted of eleven (11) hours per day from 12:00 p.m. until 11:00 p.m., and sometimes in excess thereof.

72.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $9 per hour straight time for all hours worked, and worked fifty-five (55) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

73.     Beginning on or about January 16, 2016 and continuing through on or about February 15, 2016, Plaintiff worked four (4) days per week, and his work schedule has consisted of eleven (11) hours per day from 12:00 p.m. until 11:00 p.m., and sometimes in excess thereof.

74.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $9 per hour straight time for all hours worked, and worked forty-four (44) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

75.     Beginning on or about February 16, 2016 and continuing through the remainder of his employment on or about March 23, 2016, Plaintiff worked five (5) days per week, and his work schedule has consisted of eleven (11) hours per day from 12:00 p.m. until 11:00 p.m., and sometimes in excess thereof.

76.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $9 per hour straight time for all hours worked, and worked fifty-five (55) hours per week, and sometimes in excess thereof.

Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

77.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

78.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

79.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

80.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by each of the Corporate Defendants since April 5, 2013 to the opt-in end date (the "Collective Action Period"), and who were compensated at rates less

than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

82.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

83.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

84.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

85.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

86.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.     Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.     Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.     What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.     Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

e.     Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

87.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

88.   Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

89.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

90.   Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since April 5, 2010 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime compensation, and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

91.   The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-

managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

92.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

93.     The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

94.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

95.     Plaintiffs will fairly and adequately protect the interests of the NY Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

96.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate

representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

97.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

98.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

    b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

    c.    What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

    d.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

    e.    Whether the Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    f.    Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a

shift in excess of ten (10) hours, in violation of the New York

Labor Law and the regulations promulgated thereunder;

g.  Whether the Defendants' violations of the New York Labor Law

are willful as that terms is used within the context of the New York

Labor Law; and,

h.  Whether the Defendants are liable for all damages claimed

hereunder, including but not limited to compensatory, liquidated

and statutory damages, interest, costs, attorneys' fees, and costs

and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

99.  Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "98" of this Complaint as if fully set forth herein.

100.  At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

101.  At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

102.  Upon information and belief, defendant 57 STREET RESTAURANT had gross revenues in excess of $500,000 in the year 2013.

20

103.    Upon information and belief, defendant CROSSTOWN DINER had gross revenues in excess of $500,000 in the years 2014 and 2015.

104.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

105.    Defendants willfully failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

106.    Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

107.    Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

108.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

109.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or

should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

110.    As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

111.    Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

112.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

113.    Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

114.    Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

115.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "114" of this Complaint as if fully set forth herein.

116. At all relevant times, the Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

117. Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

118. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

119. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations §§ 137-1.7; 146-1.6.

120. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

121. Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

122. Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 137-2.2, 146-2.3.

123.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

124.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 137-2.1, 146-2.1.

125.    At the time of their hiring, Defendants failed to notify Plaintiffs and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

126.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

127.    Plaintiffs and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, AGUSTIN GONZALEZ, GERSAIN MUNIZ-VIDALS, HUMBERTO MONTOYA, REYES CECILIO, and MARIO IXEHUATL-

AHUATL, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
      April 5, 2016

              Respectfully submitted,

              CILENTI & COOPER, PLLC
              *Attorneys for Plaintiffs*
              708 Third Avenue – 6th Floor
              New York, NY 10017
              T. (212) 209-3933
              F. (212) 209-7102

              By: _____
                    Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _Agustin Gonzalez_, am an employee currently or

formerly employed by _Palace Restaurant_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_2/25_, 2016

_____

Sworn to before me this 25th
day of _February_ 2016.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Gersain Muniz_, am an employee currently or

formerly employed by _Palace Restaurant_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_2/25_, 2016

_Gersain Muñiz Jr_

Sworn to before me this 25th
day of _february_ 2016.

_Notary Public_

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Humberto Montaya, am an employee formerly employed by Palace Restaurant, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
324_____, 2015

_____

Sworn to before me this 24th
day of March_____ 2015.6

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Reyes Gerardo Cecilio_, am an employee formerly

employed by _Palace Restaurant_, and/or related entities. I

consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_3·22·16_, 2015

_Reyes Gerardo Cecilio_

Sworn to before me this _22nd_
day of _March_, 2015.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Mario Ixehuatl , am an employee formerly employed by

Palace Restaurant , and/or related entities. I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
MARZO 22 , 2016

Sworn to before me this 22nd
day of March      2016

Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2017