UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AGUSTIN GONZALEZ, GERSAIN MUNIZ-VIDALS, : Case No. 16-CV-2544
HUMBERTO MONTOYA, REYES CECILIO, and : (BCM)
MARIO IXEHUATL-AHUATL, on behalf of themselves and :
others similarly situated, :
:
                          Plaintiffs, :
:
   -against- :
:
CROSSTOWN DINER CORP. d/b/a PALACE RESTAURANT, :
57 STREET RESTAURANT CORP. d/b/a PALACE :
RESTAURANT, PETRAKIS LOUKA, LOUKIS LOUKA, :
MARIOS GEORGIOU, GEORGE STYLIANOU, ANTONIOS :
KONTOGIANNIS, and GEORGE KONTOGIANNIS, :
:
                          Defendants. :
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual General Release of Claims ("Agreement"), is entered into by and between plaintiffs Agustin Gonzalez, Gersain Muniz-Vidals, Reyes Cecilio, Mario Ixehautl-Ahuatl, as well as opt-in plaintiff Arni Alvarez on the one hand (hereinafter referred to as "Plaintiffs" or "Releasors"), and Crosstown Diner Corp., 57 Street Restaurant Corp. and each of their parent companies and any of their subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Petrakis Louka, Loukis Louka, Marios Georgiou, and George Stylianou, and Antonios Kontogiannis, on the other hand (hereinafter collectively

referred to as the "Settling Defendants" or "Releasees") (the Plaintiffs and "Settling Defendants" are collectively referred to herein as the "Parties").[1]

WHEREAS, on April 5, 2016, Plaintiffs filed suit for damages titled *Agustin Gonzalez, et al. v. Crosstown Diner Corp., et al.,* in the United States District Court for the Southern District of New York, Civil Action No. 16-CV-2544 (BCM) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, plaintiff Humberto Montoya has voluntarily decided to withdraw his participation in this matter and, therefore, the Parties have executed a Stipulation and Order of Dismissal, dismissing Mr. Montoya's claims against the Settling Defendants without prejudice, and which is being submitted for the Court's review simultaneously with this Agreement; and,

WHEREAS, upon completion of discovery a determination was made that defendant George Kontogiannis was not Plaintiffs' employer as a matter of law, the parties have executed a Stipulation and Order of Dismissal, dismissing Plaintiffs' claims against defendant George Kontogiannis with prejudice, and which is being submitted for the Court's review simultaneously with this Agreement; and,

WHEREAS, the Settling Defendants have contested the claims set forth in this suit and deny any and all liability; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

---

[1] The Crosstown Diner Corp., Petrakis Louka, Loukis Louka, Marios Georgiou, and George Stylianou are collectively referred to herein as the "Crosstown Diner Defendants." 57 Street Restaurant Corp., and Antonios Kontogiannis are collectively referred to herein as the "57 Street Defendants."

A. **Consideration**

1. In exchange for the promises contained in this Agreement, the Parties, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of One Hundred Forty-Two Thousand Five Hundred Dollars ($142,000.00) (the "Settlement Sum").

2. The Settlement Sum shall be paid by the Settling Defendants as follows: Eighty Two Thousand Five Hundred Dollars ($82,500.00) by the Crosstown Diner Defendants, and Sixty Thousand Dollars ($60,000.00) by the 57 Street Defendants.

3. The Settlement Sum shall be paid in full within thirty (30) days after the Court approves the terms of this Agreement and dismisses this action with prejudice.

4. The settlement payment described in Paragraph A(1) shall be paid to Plaintiffs in exchange for Plaintiffs' release of claims and other promises below, and in full and complete settlement of any and all claims or potential claims between the parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

5. The payment set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be <u>received</u> no later than the date indicated above.

6. Of the Settlement Sum, Plaintiffs' counsel shall retain 31.579% ($45,000.00) as attorneys' fees, with remaining Ninety Seven Thousand Five Hundred Dollars ($97,500.00) to be distributed to the Plaintiffs on a *pro rata* basis.

7.     Prior to the payment of the Settlement Sum by the Settling Defendants, Plaintiffs' counsel shall provide counsel for the Settling Defendants with an IRS Form W-9.

8.     Plaintiffs represent that no tax advice has been given to them by the Settling Defendants or the Settling Defendants' representatives and Plaintiffs understand that the Settling Defendants make no representation or guarantee as to the tax consequences of the payment. Plaintiffs hereby agree to indemnify and hold harmless the Settling Defendants in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by either party for any failure by Plaintiffs to properly report the Settlement Sum as defined herein.

**B.     Penalty For Late Payment**

1.     In the event that the Settling Defendants fail to make the settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Crosstown Diner Defendants: Arthur Forman, Esq., 98-20 Metropolitan Avenue, Forest Hills, New York, 11375, Facsimile: (718) 575-1600, af@ahforman.com, and/or counsel for the 57 Street Defendants: Andrew Hoffmann, Esq., Hoffmann & Associates, 450 Seventh Avenue, Suite 1400, New York, New York 10123, Facsimile: (212) 679-1080, Andrew.hoffmann@hoffmannlegal.com. The defaulting Settling Defendant will then have ten (10) days from the date of receipt of such notice within which to cure the default.

2.     If the default by the particular defaulting defendants is not cured within such time, the entire amount owed by the particular defaulting defendants shall immediately become due and owing as of the 11th day following receive of said notice, together with prejudgment interest at the rate of 9% per annum.

3. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the particular defaulting defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

4. Plaintiffs may not seek to recover any settlement monies due and owing from the particular defaulting defendants from any non-defaulting defendants.

C. **Mutual General Release:**

1. In consideration of the payments, benefits, agreements and other consideration to be provided by the Settling Defendants as described in this Agreement including, but not limited to, the general release by the Settling Defendants, Plaintiffs, for themselves and their heirs, executors, administrators and their respective successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, the Settling Defendants, and the Settling Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limitation, the Fair Labor Standards Act, and New York Labor Law, New York Code Rules and Regulations, New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection

Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity arising out of Plaintiffs' employment by the Settling Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims potentially brought in the Action from the beginning of time until the date of execution of this Agreement.

        2.     In consideration of the benefits, agreements and other consideration to be provided by Plaintiffs as described in this Agreement including, but not limited to, the general release by Plaintiffs, the Settling Defendants HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Plaintiffs, their heirs, executors, administrators, and assigns, of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims and demands whatsoever at law or in equity ("claims"), which the Settling Defendants ever had, now have, or which the Settling Defendants hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by the Settling Defendants, their separation therefrom, and/or the negotiation and/or execution of this Agreement, or all claims potentially brought in the Action from the beginning of time until the date of execution of this Agreement.

6

      3.      The Parties acknowledge that this Paragraph C does not limit or prevent either party from seeking to enforce the terms of this Agreement.

      4.      The Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

    **D.**    **Agreement To Refrain From Filing Claims**

Plaintiffs represent that they are not currently participating in any other wage and hour proceeding pending against any of the Settling Defendants, except the federal Complaint released herewith. Plaintiffs also agree not to bring any wage and hour lawsuit or initiate any wage and hour proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law. Nothing in Paragraphs C and D hereof shall be interpreted or deemed to prevent Plaintiffs from commencing or participating in any proceedings or investigations before or by the Equal Employment Opportunity Commission ("EEOC"); however, Plaintiffs shall not be entitled to receive any portion of damages or other monetary relief or penalties assessed by the EEOC in such proceedings.

    **E.**    **Dismissal of the Complaint**

The Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that the Court shall retain jurisdiction over this matter solely for purposes of enforcement

of this Agreement. The parties, through counsel, shall contemporaneously file the Stipulation and Order of Dismissal and this Agreement for judicial review and approval.

### F. Representations and Acknowledgements

1. Plaintiffs represents that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Settling Defendants. Plaintiffs further represents that:

   (a) They have reviewed each and every provision of this Agreement;

   (b) The Agreement has been explained to them by their attorneys;

   (c) That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,

   (d) They do in fact fully understand this Agreement, including the release of claims.

2. Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3. Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

### G. Non-Admissions

1. Plaintiffs agree that the Settling Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.

Plaintiffs understand that by entering into this Agreement, the Settling Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that the Settling Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Settling Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Settling Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

## H. Attorneys' Fees and Costs

Except as provided in Paragraph A(1) herein, the Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

### I. Complete Agreement

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### J. Additional Terms

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

5. This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, and/or facsimile signatures will be recognized with same force and effect as originals.

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Agustin Gonzalez

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 23rd day of June 2017, before me personally came Agustin Gonzalez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 23rd
day of June 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

By: _Gersain Muñiz V._
Gersain Muniz-Vidals

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 26th day of June 2017, before me personally came Gersain Muniz-Vidals to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of June 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

By: _Reyes Gerardo Cecilio_
Reyes Cecilio

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 26th day of June 2017, before me personally came Reyes Cecilio to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of June 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

By: _____
Mario Ixehuatl-Ahuatl

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 23rd day of June 2017, before me personally came Mario Ixehuatl-Ahuatl to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 23rd
day of June 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

By: _____
Arni Alvarez

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 23rd day of June 2017, before me personally came Arni Alvarez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 23rd
day of June 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

By: _____
Petrakis Louka

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

On the 26th day of June 2017, before me personally came Petrakis Louka to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me, this 26th day of June, 2017

_____
Notary Public

MARIA E QUINTEROS
Notary Public - State of New York
NO. 01QU6163490
Qualified in Westchester County
My Commission Expires Aug 2, 2019

By: _____
Loukis Louka

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

On the ___ day of June 2017, before me personally came Loukis Louka to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___ day of June 2017

_____
Notary Public

14

By: _____
Petrakis Louka

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the ___ day of June 2017, before me personally came Petrakis Louka to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of June 2017

_____
Notary Public

By: _____
Loukis Louka

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the ___ day of June 2017, before me personally came Loukis Louka to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of June 2017

_____
Notary Public

MARCO ANTHONY RICHARDSON
Notary Public – State of New York
NO. 01RI6359056
Qualified in Kings County
My Commission Expires May 22, 2021

14

By: _____ 6/26/17
       Marios Georgiou

STATE OF NEW YORK  )
                             )ss.:
COUNTY OF NEW YORK  )

On the 26 day of June 2017, before me personally came Marios Georgiou to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26
day of June 2017

_____
Notary Public

Clairmont McGarrell
Notary Public, State of New York
Registration #01MC6309241
Qualified In Bronx County
Commission Expires August 11, 2018

By: _____
       George Stylianou

STATE OF NEW YORK  )
                             )ss.:
COUNTY OF NEW YORK  )

On the ___ day of June 2017, before me personally came George Stylianou to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of June 2017

_____
Notary Public

15

By: _____
      Marios Georgiou

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF NEW YORK )

On the ___ day of June 2017, before me personally came Marios Georgiou to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of June 2017

_____
Notary Public

By: _____/s/ George Stylianou_____
      George Stylianou

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF NEW YORK )

On the 26th day of June 2017, before me personally came George Stylianou to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of June 2017

_____/s/ Katie Stylianou_____
Notary Public

**Katie Stylianou**
**Attorney At Law**
State of New Jersey

15

By: _____
Antonios Kontogiannis

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 26th day of June 2017, before me personally came Antonios Kontogiannis to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of June 2017

_____
Notary Public

TRAM D. LOPRESTO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6291464
Qualified in New-York County
My Commission Expires October 21, 2017

Crosstown Diner Corp.

By: _____

[Print Name and Title]

57 Street Restaurant Corp.

By: _____

ANTONIOS KONTOGIANNIS
[Print Name and Title] PRINCIPAL/SHAREHOLDER

16

By: _____
    Antonios Kontogiannis

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the ___ day of June 2017, before me personally came Antonios Kontogiannis to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of June 2017

_____
Notary Public

Crosstown Diner Corp.

By: *[signature]*

PETRAKIS LOUCA
[Print Name and Title]
OFFICER

57 Street Restaurant Corp.

By: _____

_____
[Print Name and Title]

16